

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jun 2, 2021

**Server Name:** April Lewis

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 2021CA006535 |
| Jurisdiction | FL |



**Exhibit 2**

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:   2021CA6535

KENNY BADGELY,

                Plaintiff,

vs.

TARGET CORPORATION, a foreign corporation
and NICOLAS LAMPP,

                Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED TO serve this summons and a copy of the Complaint, Interrogatories, Requests for Admission and Requests for Production in the above styled case upon:

| | |
|---|---|
| Defendant: | TARGET CORPORATION |
| By Serving Registered Agent: | CT Corporation System |
| Address: | 1200 S. Pine Island Road |
| | Plantation, FL 33324 |

Defendant is required to serve written defenses to the complaint or petition on Plaintiffs attorney, to wit: THE LEEDER LAW FIRM, P.A., Attorney for Plaintiff, 8551 West Sunrise Blvd., Ste.202 Plantation, Florida 33322 (954) 734-2382 within (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint.

DATED this **Jun 01 2021** ____, 2021.

JOSEPH ABRUZZO
as Clerk of said Court

BY: _____
as Deputy Clerk

**JOSIE LUCCE**

Exhibit 2

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 2021CA6535 AB

KENNY BADGELY,

        Plaintiff,

vs.

TARGET CORPORATION, a foreign corporation
and NICOLAS LAMPP,

        Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, KENNY BADGELY, by and through undersigned counsel, files this lawsuit against the Defendants, TARGET CORPORATION and NICOLAS LAMPP, and alleges as follows:

1. This is an action for damages in excess of $30,000.00.

2. At all times material hereto, the Plaintiff, KENNY BADGELY, is a resident and citizen of Palm Beach County, Florida, is over the age of eighteen (18) years and is otherwise sui juris.

3. At all times material hereto, Defendant, TARGET CORPORATION (hereinafter "TARGET"), is a foreign corporation duly authorized to do, and doing business in the State of Florida.

4. At all times material hereto and upon information and belief, Defendant, NICOLAS LAMPP, is a resident and citizen of Palm Beach County, Florida, is over the age of eighteen (18) years and is otherwise sui juris.

1

**Exhibit 2**

5. All times material hereto, Defendant, TARGET owned, controlled, possessed, and/or maintained the property located at 10155 Okeechobee Blvd, West Palm Beach, Palm Beach County, Florida.

6. At all times material hereto, Defendant, NICOLAS LAMPP, was a store manager (i.e. Closing Lead) at TARGET.

7. At all times material hereto, Defendant, NICOLAS LAMPP, was responsible for maintaining the TARGET floor free of wet, slippery substances.

8. At all times material hereto, Plaintiff, KENNY BADGELY, was rightfully on the premises as a business invitee.

9. At all times material hereto, Defendant, TARGET, delegated its duties owed to the general public to its store managers, supervisors, and employees, including, Defendant, NICOLAS LAMPP.

## COUNT I – NEGLIGENCE AS TO TARGET

10. Plaintiff restates and realleges paragraphs 1 – 9 above and further alleges:

11. At all times material hereto, Defendant, TARGET, its managers, supervisors, and employees, including NICOLAS LAMPP, had a duty to use reasonable care to protect the general public, including the Plaintiff, KENNY BADGELY, from dangerous conditions existing on said premises of which they knew, or should have known, including but not limited to one or more of following:

   a. to maintain the premises in a reasonably safe condition for its intended uses;
   b. to properly maintain the store floor in a reasonably safe manner;
   c. to inspect the restaurant for dangerous conditions existing on said premises;
   d. to properly train its employees on how to properly keep the floors clean and dry and free of slippery substances in a reasonably safe manner;
   e. to properly supervise the work of its employees to insure its was performed

      in a reasonably safe manner;
- f. to warn of known hidden or concealed dangerous conditions on the premises and which are unknown to the invitee and cannot be discovered by him through the exercise of due care; and
- g. to take actions prevent or lessen known and foreseeable dangerous condition that was regular, reoccurring, and ongoing on the premises.

12.    On or about the October 13, 2019, the Defendant, TARGET, and/or its employees, servants, or agents, acting in the course and scope of their employment, breached its duty owed to the Plaintiff, KENNY BADGELY, and were negligent in one or more of the following particulars:

- (a) Creating and/or permitting a dangerous and unsafe condition, to-wit: allowing a wet, slippery substance to remain on the floor;
- (b) Failing to maintain said store floor in a reasonably safe manner;
- (c) Failing to properly train its employees on how to properly keep the floors clean and free of dangerous hazards;
- (d) Failing to maintain the floor free of all wet, slippery substances;
- (e) Otherwise, owning, maintaining, possessing, or controlling said floor in a dangerous, hazardous and unsafe condition;
- (f) Failing to have proper procedures to identify such dangerous, hazardous and unsafe conditions;
- (g) Failing to inspect the premises for hazardous conditions;
- (h) Failing to adequately warn of said dangerous hazardous and unsafe conditions in the area of the store floor; and
- (i) Other negligent actions or omissions to be determined through discovery.

13.    At all times material hereto, the Defendant, TARGET, knew or should have known of the existence of said dangerous, hazardous, and/or unsafe conditions of the store floor.

14.    As a proximate result of the negligence, the Plaintiff, KENNY BADGELY, was injured when he slipped and fell on a wet, slippery substance on the store floor.

15.    As a direct and proximate result of the aforementioned negligence of Defendant, TARGET, the Plaintiff, KENNY BADGELY was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the

enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of his injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that his working ability was impaired and he suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the Defendant, TARGET.

**WHEREFORE**, the Plaintiff, KENNY BADGELY, demands judgment against the Defendant, TARGET, herein and a trial by jury of all issues triable in this cause.

### COUNT II – NEGLIGENCE AS TO NICOLAS LAMPP

16. Plaintiff restates and realleges paragraphs 1 – 9 above and further alleges:

17. At all times material hereto, Defendant, NICOLAS LAMPP, had a duty to use reasonable care to protect the general public, including the Plaintiff, KENNY BADGELY, from dangerous conditions existing on said premises, including the floor, of which she knew, or should have known, including but not limited to one or more of the following:

- h. to maintain the premises in a reasonably safe condition for its intended uses;
- i. to properly maintain the store floor in a reasonably safe manner;
- j. to inspect the restaurant for dangerous conditions existing on said premises;
- k. to properly train its employees on how to properly keep the floors clean and dry and free of slippery substances in a reasonably safe manner;
- l. to properly supervise the work of its employees to insure its was performed in a reasonably safe manner;
- m. to warn of known hidden or concealed dangerous conditions on the premises and which are unknown to the invitee and cannot be discovered by him through the exercise of due care; and

4

**Exhibit 2**

  n. to take actions prevent or lessen known and foreseeable dangerous condition that was regular, reoccurring, and ongoing on the premises.

18. On or about the October 13, 2019, the Defendant, NICOLAS LAMPP, acting in the course and scope of their employment, breached their duty owed to the Plaintiff, KENNY BADGELY, and was negligent in one or more of the following particulars:

  (a) Creating and/or permitting a dangerous and unsafe condition, to-wit: allowing a wet, slippery substance to remain on the floor;
  (b) Failing to maintain said store floor in a reasonably safe manner;
  (c) Failing to properly train its employees on how to properly keep the floors clean and free of dangerous hazards;
  (d) Failing to maintain the floor free of all wet, slippery substances;
  (e) Otherwise, owning, maintaining, possessing, or controlling said floor in a dangerous, hazardous and unsafe condition;
  (f) Failing to have proper procedures to identify such dangerous, hazardous and unsafe conditions;
  (g) Failing to inspect the premises for hazardous conditions;
  (h) Failing to adequately warn of said dangerous hazardous and unsafe conditions in the area of the store floor; and
  (i) Other negligent actions or omissions to be determined through discovery.

19. At all times material hereto, the Defendant, NICOLAS LAMPP, knew or should have known of the existence of said dangerous, hazardous, and/or unsafe condition(s) of said floor.

20. As a proximate result of the negligence, the Plaintiff, KENNY BADGELY, was injured when he slipped and fell on a wet, slippery substance on the store floor.

21. As a direct and proximate result of the aforementioned negligence of Defendant, NICOLAS BADGELY, the Plaintiff, KENNY BADGELY was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of her injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent

5

**Exhibit 2**

injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that his working ability was impaired and he suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the Defendant, NICOLAS LAMPP.

**WHEREFORE**, the Plaintiff, KENNY BADGELY demands judgment against the Defendant, NICOLAS LAMPP, herein and a trial by jury of all issues triable in this cause.

Dated this 24th day of May, 2021.

## LEEDER LAW

Attorneys for Plaintiff
8551 West Sunrise Blvd. | Ste. 202
Plantation, FL 33322
Telephone (954) 734-2382
Pleadings@leederlaw.com

By:/s/ *Andrew Smith*

**THOMAS H. LEEDER, ESQ.**
FBN: 746401
**ANDREW R. SMITH, ESQ.**
FBN: 107083

6

**Exhibit 2**